UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALPHONSO DAVIS,

        Plaintiff,

                                      Case Number 09-14373-BC
v.                                  Honorable Thomas L. Ludington

LARRY'S IGA,

        Defendant.
_____/

## ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS FOR FAILURE OF PROPER SERVICE AND DENYING DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(B)(6)

On November 6, 2009, Plaintiff Alphonso Davis filed a one-count complaint against his former employer, Defendant Larry's IGA, alleging that his employment was unlawfully terminated under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq. Now before the Court are two motions to dismiss [Dkt. # 7, 11] filed by Defendant on December 9, 2009, and January 5, 2010, respectively. As explained below, the first motion to dismiss, challenging service of process, will be denied as moot. The second motion to dismiss, contending that Plaintiff's claim fails to state a claim upon which relief can be granted will be denied.

I

Plaintiff alleges that he began employment "doing stock" with Defendant in August 2008, Compl. ¶ 10, and that Larry Mott was his supervisor, *id.* ¶ 14. Plaintiff alleges that he "suffers from genital herpes," *id.* ¶ 12, and is an individual with a "physical impairment within the meaning of the ADA, *id.* ¶ 20. Plaintiff alleges that "[d]espite suffering from a physical impairment, Plaintiff was "qualified for his position," *id.* ¶ 11, and able to perform the essential functions of his position," *id.* ¶ 13, "with or without reasonable accommodation," *id.* ¶ 21. Plaintiff alleges that Mott learned that

Plaintiff suffered from genital herpes on March 2, 2009, *id.* ¶ 15, that Plaintiff's employment was terminated on March 3, 2009, *id.* ¶ 16, and that a "motivator factor" for Plaintiff's discharge was his physical impairment, *id.* ¶ 17.

II

Defendant's motion to dismiss for failure of proper service asserts that Plaintiff did not properly serve Defendant pursuant to Federal Rule of Procedure 4 because Plaintiff served a cashier at Defendant's retail food store rather its registered agent. In response [Dkt. # 10], Plaintiff supplied a declaration of a process server indicating that Plaintiff subsequently served the registered agent identified by Defendant on December 18, 2009. Defendant did not file a reply challenging the fact that Plaintiff properly served its registered agent. Based on the above, Defendant's motion is now moot and will be denied on that basis.

III

In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Yet, to survive a Rule 12(b)(6) motion, a plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements [of the claim] to sustain a recovery under some viable legal theory." *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (internal quotation omitted). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Twombly v. Bell*, 550 U.S. 544, 555 (2007) (explaining that a complaint must contain something more than a statement of facts that merely

creates speculation or suspicion of a legally cognizable cause of action).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). If matters outside the pleadings are presented and not excluded by the court in a 12(b)(6) motion, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

IV

The ADA prohibits discrimination by a covered entity "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A prima facie case of disability discrimination under the ADA requires that a plaintiff show that he or she: (1) is disabled, (2) is otherwise qualified for the position, with or without reasonable accommodation, (3) "suffered an adverse employment decision," and (4) "suffered such action under circumstances which give rise to an inference of unlawful discrimination." *Macy v. Hopkins County Sch. Bd. of Educ.*, 484 F.3d 357, 364-65 (6th Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), and *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177-86 (6th Cir. 1996)).

At this juncture, only the first two elements of a prima facie case are implicated by Defendant's motion to dismiss pursuant to Rule 12(b)(6). With respect to the first element, the ADA defines a "disability" as: "(A) a physical or mental impairment that substantially limits one or more

of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2)(A)-(C). The regarded-as-disabled prong of the ADA "protects employees who are perfectly able to perform a job, but are rejected . . . because of the myths, fears and stereotypes associated with disabilities." *Gruener v. Ohio Cas. Ins. Co.*, 510 F.3d 661, 664 (6th Cir. 2008) (internal citations and quotations omitted). "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

With respect to the second element of a prima facie case, a plaintiff must be able to demonstrate that he is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of [his] position." 42 U.S.C. § 12111(8). "Reasonable accommodations" include modifications to the job or work environment that enable a qualified person with a disability to perform the essential functions of the job. 42 U.S.C. § 12111(9); 29 C.F.R. § 1630.2(o). "A job function is essential if its removal would fundamentally alter the position." *Kiphart v. Saturn Corp.*, 251 F.3d 573, 584 (6th Cir. 2001). An employer is not required by the ADA to employ someone who poses a "direct threat" to himself or others if the threat cannot be eliminated by making a reasonable accommodation. *See* 42 U.S.C. § 12113(b). EEOC regulations define "direct threat" as "a significant risk of substantial harm to the health or safety of the individual or others that cannot be eliminated or reduced by reasonable accommodation." 29 C.F.R. § 1630.2(r).

"The determination that an individual poses a 'direct threat' shall be based on an

individualized assessment of the individual's present ability to safely perform the essential functions of the job. This assessment shall be based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence." *Id.* "In determining whether an individual would pose a direct threat, the factors to be considered include: (1) the duration of the risk; (2) the nature and severity of the potential harm; (3) the likelihood that the potential harm will occur; and (4) the imminence of the potential harm." *Id.*; *EEOC v. Prevo's Family Market, Inc.*, 135 F.3d 1089, 1095 (6th Cir. 1998).

Defendant contends that Plaintiff's complaint should be dismissed because Plaintiff is not disabled within the meaning of the ADA when genital herpes is not a disability, and because Plaintiff is not qualified for his position when he poses a "direct threat" of harm to the health or safety of others. In its brief, Defendant makes many generalized factual assertions about the nature of genital herpes and the risks that Plaintiff would pose to others as an employee in Defendant's retail food store. For example, Defendant asserts the following:

> There is no doubt that the nature, duration and severity of the risk in this case is high. The nature of the risk is high, the duration is unknown since it is outbreak dependent, the risk is severe and the probability of varying degrees if (sic) harm is also high.

Def. Br. 8. Similarly, Defendant states:

> Genital herpes is not a disability. However Mr. Davis may have contracted genital herpes, it poses no limitations upon his labor but only upon his sanitation. In the food industry where sanitation is an important component not only to the safety of the public in general, but to individuals specifically coming upon the premises, herpes is not a disability but a risk factor.

Def. Br. 9.

In response, Plaintiff highlights that Defendant did not advance any factual evidence to support its generalized factual assertions. Indeed, factual evidence would likely be excluded by the

Court at this juncture, as Defendant has brought its motion pursuant to Rule 12(b)(6), which tests the sufficiency of claims as alleged by a plaintiff in the complaint. Plaintiff also notes that Defendant may have argued in its brief that Plaintiff is not disabled because he has not alleged that his physical impairment limits a "major life activity." Plaintiff asserts that under the "regarded as" disabled prong of the ADA, Plaintiff need not allege that his physical impairment limits a major life activity. *See* 42 U.S.C. § 12102(3)(A).

In its reply brief, Defendant once again makes unsupported factual assertions regarding the nature of herpes and risks associated with it. Defendant does not respond to Plaintiff's assertion that he was "regarded as" disabled based on his physical impairment. Nor does Defendant provide any legal authority for the proposition that herpes is per se not a disability and cannot form the basis for a "regarded as" disabled claim, nor for the proposition that "reasonable accommodations" per se cannot be made when the employee handles food and uses shared restrooms. In other words, Defendant has not demonstrated that, consistent with the allegations in the complaint, Plaintiff could not plausibly be entitled to relief under the ADA.

V

Accordingly, it is **ORDERED** that Defendant's motion to dismiss for failure of proper service [Dkt. # 7] is **DENIED AS MOOT**.

It is further **ORDERED** that Defendant's motion to dismiss under Rule 12(b)(6) [Dkt. # 11] is **DENIED**.

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: March 2, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2010.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS